WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| Equal Employment Opportunity Commission, | No. CV-12-02469-PHX-GMS |
|---|---|
| Petitioner, | **ORDER** |
| v. | |
| McLane Company Incorporated, | |
| Respondent. | |

Pending before the Court is Respondent's motion to deny Petitioner's subpoena as unduly burdensome, (Doc. 64), and Petitioner's motion to strike, (Doc. 67).[1] For the reasons stated below, the Court denies the motion.

## BACKGROUND

Damiana Ochoa worked for eight years at Petitioner McLane Co., a grocery supply-chain services company. Because jobs like Ms. Ochoa's are physically demanding, McLane requires new and returning employees to undergo a physical examination (called the Physical Capability Exam, or "PCE") that tests range of motion and strength. A third party contractor named Industrial Physical Capability Services, Inc. ("IPCS") administers the PCE. Ms. Ochoa left work for pregnancy leave, and when she returned three months later, she failed the PCE three times. McLane terminated her

---

[1] Petitioner EEOC filed a motion to strike and disregard a letter that Respondent sent to the Court on October 10, 2017, more than a week after Respondent filed its Reply. (Doc. 67). Respondent did not oppose this motion. Local Rule 7.2 does not allow for a sur-reply without permission of the Court. The Court therefore grants the motion.

employment. Ms. Ochoa then filed a complaint with the EEOC, and the EEOC initiated an investigation of McLane for discrimination.

As part of its investigation, the EEOC issued a subpoena requiring McLane to provide information about the administration of the IPCS PCE. The requested information included pedigree information, such as the name, gender, date of birth, social security number and contact information for every person who took the test, along with the reason the person took the test, the person's score on the test, and any adverse action that McLane took based on the person's performance on the test. McLane objected to the request as overly broad, unduly burdensome, and irrelevant to the underlying charge.

The Court previously required McLane to provide information about test takers' gender, test score, test date, position, required score for position, and whether the applicant suffered an adverse employment action with ninety days of the test. The Court did not require McLane to provide pedigree information, ruling that such information was not relevant to the charge of discrimination. After a series of appeals, the Ninth Circuit reversed the Court's decision and held that the pedigree information is relevant to the EEOC's investigation. *EEOC v. McLane Co., Inc.*, 857 F.3d 813, 816–17 (9th Cir. 2017). The Ninth Circuit directed that "[o]n remand, McLane is free to renew its argument that the EEOC's request for pedigree information is unduly burdensome[,]" and "the district court should also resolve whether producing a second category of evidence— the reasons test takers were terminated—would be unduly burdensome to McLane." *Id.* at 817.

**DISCUSSION**

**I.      Legal Standard**

The scope of judicial review over an EEOC request for information is narrow. *EEOC v. McLane Co., Inc.*, 857 F.3d 813, 816–17 (9th Cir. 2017). As this Court has previously noted, reviewing the validity of an administrative subpoena requires a three-part inquiry: "(1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant

and material to the investigation." *Id.* (quoting *E.E.O.C. v. Children's Hosp. Med. Ctr.*, 719 F.2d 1426, 1430 (9th Cir.1983)). When the EEOC has demonstrated that those conditions are met (as it has here), a court must enforce the subpoena unless the respondent "shows that the subpoena is overbroad or that compliance would be unduly burdensome." *Id.* The "investigatory powers of the EEOC should be interpreted broadly," but an administrative subpoena "cannot be so broadly stated as to constitute a 'fishing expedition.'" *E.E.O.C. v. K–Mart Corp.*, 694 F.2d 1055, 1066 (6th Cir.1982). However, the respondent's burden of proving that an administrative subpoena is overbroad or unduly burdensome "is difficult to meet." *E.E.O.C. v. Aaron Bros. Inc.*, 620 F.Supp.2d 1102, 1106 (C.D. Cal. 2009) (citing *E.E.O.C. v. Maryland Cup Corp.*, 785 F.2d 471, 479 (4th Cir.1986); *E.E.O.C. v. United Air Lines, Inc.*, 287 F.3d 643, 654 (7th Cir. 2002)).

## II. Analysis

Neither the Ninth Circuit nor the Supreme Court has defined "unduly burdensome" in the context of an EEOC subpoena enforcement request. In line with other districts in the Ninth Circuit, this Court has previously adopted the approach of the Fourth and Seventh Circuits that a subpoena may be unduly burdensome if the cost to the respondent is significant compared to its resources. *E.E.O.C. v. McLane Co., Inc.*, 2012 WL 5868959 (D. Ariz. Nov. 19, 2012); *see also E.E.O.C. v. Bashas', Inc.*, 828 F.Supp. 2d 1056, 1070–1071 (D. Ariz. 2011). More specifically, a subpoena is unduly burdensome if either "the cost of gathering this information is unduly burdensome in the light of the company's normal operating costs," or "gathering the information would threaten [a respondent's] normal business operations." *E.E.O.C. v. Maryland Cup Corp.*, 785 F.2d 471, 479 (4th Cir.1986). Moreover, "[i]f the personnel or financial burden on the employer is great compared to the resources the employer has at its disposal, the district court should attempt to alleviate this burden." *E.E.O.C. v. United Air Lines, Inc.*, 287 F.3d 643, 654 (7th Cir.2002).

Although the administrative subpoena may not be used to threaten a company's

- 3 -

normal business operations, the EEOC does not have free reign to impose significant costs for information of minor significance as long as the targeted company's operating budget is large enough. *See E.E.O.C. v. VF Jeanswear, LP*, 2017 WL 2861182 at *6 (D. Ariz. July 5, 2017) (citing *E.E.O.C. v. Royal Caribbean Cruises, Ltd.*, 771 F.3d 757, 763 (11th Cir. 2014); *E.E.O.C. v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994)). "[T]he decision whether a subpoena is overly burdensome turns on the nature of the materials sought and the difficulty the employer will face in producing them." *McLane Co., Inc. v. E.E.O.C.*, 137 S. Ct. 1159, 1168 (2017). The Eleventh Circuit's approach considers multiple factors, including balancing hardships and benefits of administrative subpoenas. *E.E.O.C. v. Royal Caribbean Cruises, Ltd.*, 771 F.3d 757, 763 (11th Cir. 2014). The Sixth Circuit "weigh[s] the likely relevance of the requested material to the investigation against the burden to [respondent] of producing the material." *E.E.O.C. v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994).

Burdensome inquiries are not amenable to a rigid rule, but "rather, they are the kind of 'fact-intensive, close calls' better suited to resolution by the district court . . . ." *McLane Co., Inc. v. E.E.O.C.*, 137 S. Ct. 1159, 1168 (2017) (quoting *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 404 (1990)); *see also E.E.O.C. v. United Air Lines, Inc.*, 287 F.3d 643, 654 (7th Cir.2002) ("What is unduly burdensome depends on the particular facts of each case and no hard and fast rule can be applied to resolve the question") (citation omitted). The Fourth and Seventh Circuit's approach of balancing the cost of production against the resources of the company is not mutually exclusive of the Sixth and Eleventh Circuit's approach of balancing the cost of production against the relevance of the requested materials, and the Court will consider all applicable facts in its query. Notwithstanding respondent's ability to defeat the subpoena as unduly burdensome, under any approach, the scope of the Court's review remains narrow, and the respondent's burden remains "difficult to meet." *E.E.O.C. v. McLane Co., Inc.*, 857 F.3d 813, 816–17 (9th Cir. 2017); *E.E.O.C. v. Aaron Bros. Inc.*, 620 F.Supp.2d 1102, 1106 (C.D. Cal. 2009) (citations omitted).

The parties argue whether production of two separate requests—pedigree information, and the reason why PCE test takers were terminated—would be unduly burdensome. The Court considers each separately.

### A. Pedigree Information

At present, Respondent McLane has refused to provide the name, social security number, date of application, date of hire, last known address, and phone number of each person who took the PCE from 2006 to present. McLane has already produced other pedigree information of PCE test-takers, including gender, PCE score, and adverse employment action.

The original data sets included PCE test-takers names and social security number. Therefore, "[i]f anything, McLane has imposed an extra burden on itself by removing that information from the data sets before producing them to the EEOC." *E.E.O.C. v. McLane Co., Inc.*, 804 F.3d 1051, 1058 (9th Cir. 2015). McLane uses human resources software named PeopleSoft to maintain information about its employees, and it uses an Applicant Tracking System to maintain information about applicants. The large majority of the requested information should be accessible through this software. Additionally, McLane posted revenues of $48.1 billion in 2016, and the cost of compliance with the subpoena will not threaten its operations.

The requested information is relevant to the EEOC's investigation. McLane invites the Court to calculate as a cost of providing the information the potential costs McLane will incur in investigating responding to questions, and/or defending additional meritless charges against McLane should the EEOC use this pedigree information to pursue such charges. The Court is disinclined to weigh such speculative costs or make premature determinations on the merits of such investigations in determining whether the subpoena is overly burdensome In light of these facts, the Court finds that the production of pedigree information for PCE test-takers from 2006 to present would not unduly burden Respondent McLane.

### B. Reason PCE Test Takers Were Terminated

The Ninth Circuit directed the Court to "resolve whether producing a second category of evidence—the reasons test takers were terminated—would be unduly burdensome to McLane." *E.E.O.C. v. McLane Co., Inc.*, 857 F.3d 813, 817 (9th Cir. 2017). In its Response, the EEOC acknowledges that McLane need only produce the reason for termination listed in its computer tracking software. (Doc. 65 at 11) ("But, as described above, McLane need only produce the reason for termination listed in PeopleSoft"). Consequently, the analysis concerning its production is similar to the analysis above concerning pedigree information, and the Court finds that the producing the reasons test takes were terminated would not unduly burden Respondent McLane.

**IT IS HEREBY ORDERED** that

1. Petitioner EEOC's Motion to Strike, (Doc. 67), is **GRANTED**; and

2. Respondent McLane Company Inc.'s Motion to Deny Subpoena as Unduly Burdensome, (Doc. 64), is **DENIED**.

The Clerk of Court is directed to terminate this action and enter judgment accordingly.

Dated this 25th day of April, 2018.

_____
Honorable G. Murray Snow
United States District Judge